Since I respectfully disagree with the majority of this panel, I dissent.
Jerry Pierce had the misfortune to be present when a passenger in his car assaulted a young woman. After the young woman gave a report about this incident, police officers followed up with an investigation. One of the officers later saw Mr. Pierce and his car at a nearby gas station. The officer approached Mr. Pierce to obtain additional information about the assault.
Nothing in the record before us indicates that Mr. Pierce in any way assisted in the assault. The police officer had no basis for arresting him or detaining him. Yet, even though he was cooperative and provided accurate information about himself and his former passenger, the police detained him for a period of time. The detention occurred without benefit of a warrant or probable cause to believe that Mr. Pierce had committed a crime.
Where an arrest, detention or seizure of the person occurs without benefit of a warrant, the arrest is per se unreasonable and unlawful unless one of the well-defined exceptions to the requirement for a warrant is clearly demonstrated. The burden of demonstrating the existence of an exception is upon the government. No such demonstration occurred here.
Columbus Police Officer T.J. Stuart testified that Mr. Pierce at least provided a social security number and may have provided a copy of his driver's license. If Mr. Pierce provided a driver's license, no further investigation was required. The driver's license would have provided two pictures of Mr. Pierce, an address, a date of birth and a full physical description. All the officer needed to know was in the officer's hand on that small piece of plastic.
If Officer Stuart was provided only a social security number, he had to take further steps to obtain Mr. Pierce's address. However, all Officer Stuart really needed to do was ask Mr. Pierce for the additional information. As noted above, Mr. Pierce was being cooperative.
Instead, Officer Stuart decided to investigate Mr. Pierce. Officer Stuart decided to investigate whether Mr. Pierce had any active warrants. Officer Stuart also testified at hearing later that he was investigating whether the information obtained from Mr. Pierce was accurate — "who he is, where he lives, a phone number in case he's needed at a later date." (Tr. 7.)
To the best of my knowledge, Ohio Bureau of Motor Vehicles ("BMV") records do not include telephone numbers. Frequently, the addresses have changed because people do not always update their records with the BMV when they move. The physical description portions of the records are contained on the first screen of the computerized records and can readily be compared to the appearance of the person standing in front of the officer.
Officer Stuart, however, continued to scroll through the computerized records of the BMV until he found the traffic record for Mr. Pierce. Officer Stuart then issued a traffic ticket for "no operator's license."
For several reasons, I believe the trial judge was correct in her ruling. First, the city of Columbus did not demonstrate an exception to the warrant requirement.
Second, Mr. Pierce would have been within his rights to ignore the officer, to refuse to provide any information whatsoever and to drive away. Had Mr. Pierce done so, he would not have received a traffic ticket. Had Mr. Pierce been completely uncooperative, he would not have received a ticket.
Third, the problems of young African-American males being restrained of their liberty for no apparent reason is well known. The problem has become so wide-spread as to cause the phrase "driving white black" to be developed. I hate to see the court system do anything to make this problem worse or to encourage police to detain African-Americans without probably cause.
As opposed to the majority, I do see a reason to cause this ticket to be dismissed. The speedy trial limits set forth in R.C. 2945.71 et seq. might bar further pursuit of this charge. Further, Crim.R. 12(J) states:
 If an appeal pursuant to this division results in an affirmance of the trial court, the state shall be barred from prosecuting the defendant for the same offense or offenses except upon a showing of newly discovered evidence that the state could not, with reasonable diligence, have discovered before filing of the notice of appeal.
Thus, Crim.R. 12(J) also could bar further pursuit of this charge.
In short, I believe the trial court reached both the just result and the legally correct result. Since the majority of this panel concludes otherwise, I respectfully dissent.